**Lindita HASANAJ, Selam Hasanaj, Lisena Hasanaj, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3462–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Linda C. Flanagan, New York, New York, for Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama, Patricia Allen Conover, Assistant United States Attorney, Montgomery, Alabama, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners, Lisena Hasanaj, Selam Hasanaj, and Lisena Hasanaj, natives and citizens of Albania, seek review of a June 9, 2005 order of the BIA affirming the December 11, 2003 decision of Immigration Judge ("IJ") Jeffrey Chase denying Lindita Hasanaj's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Hasanaj*, Nos. A95 381 629, A76 246 131, A95 381 630 (B.I.A. June 9, 2005), *aff'g* Nos. A95 381 629, A76 246 131, A95 381 630 (Immig. Ct. N.Y. City Dec. 11, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision and reasoning, then adds supplemental reasoning, this Court reviews the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review questions of law and the application of law to fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However,

we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, although there were some minor errors in the IJ's reasoning, substantial evidence supports his ultimate conclusion that Hasanaj was not a credible witness. In finding that she lied in both her asylum application and interview, falsely claiming to be a chairwoman for the Democratic Party, the IJ was willing to attribute the error in her application—but not the testimony at the interview—to the unauthorized preparer. He failed, however, to address her explanation that this individual also served as the interpreter at her interview. The IJ was required to take this explanation into account before rejecting her testimony outright. *See Chung Sai Zheng v. Gonzales*, 440 F.3d 76, 79–80 (2d Cir.2006) (finding logically inconsistent the IJ's willingness to attribute one error in the application, but not another, to the preparer, without explaining how the applicant's explanation was plausible only as to one error). Additionally, some of the other inconsistencies the IJ noted rested on the IJ's misstatements of Hasanaj's actual testimony. Nonetheless, the IJ also noted numerous testimonial inconsistencies and frequent changes in testimony regarding matters that went to the heart of Hasanaj's claim. Her testimony was inconsistent with her husband's regarding whether she was attacked in October 1997, as well as in the details of her December 2000 attack and her stay in Greece. She was unable to explain why her attackers targeted her and insisted she stop talking, when she admitted she was not a prominent or visible activist, and why she was targeted rather than her sister-in-law, a more prominent Democratic Party figure. Additionally, she was evasive regarding what she said at her asylum interview, how many times she traveled back to Albania after fleeing to Greece, and the reasons for some of her trips. As her testimony frequently changed when she was confronted with inconsistencies, the IJ reasonably concluded that she was simply not a reliable witness. Because Hasanaj has not demonstrated to this Court that a reasonable fact-finder would be compelled to credit her testimony, the adverse credibility finding is upheld.[1] *See Zhou Yun Zhang*, 386 F.3d at 74.

■ Because of the ambiguities regarding what happened at Hasanaj's asylum interview, however, it is unclear whether the evidence supports a finding that Hasanaj's asylum application was frivolous, meaning that her story, or a "material element[ ]," was "deliberately fabricated." 8 C.F.R. § 1208.20; *see Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 113–15 (2d Cir.2006) (finding that the developing caselaw in other circuits suggests that "concrete and conclusive" evidence of fabrication is needed to warrant a frivolous finding). The IJ did not address Hasanaj's explanation that the non-attorney who prepared her application and interpreted at her interview may have contributed to the misunderstanding over whether she was a Democratic Party chairwoman. As this Court

---

1. We lack jurisdiction to address Hasanaj's claim that the government violated the requirement in 8 C.F.R. § 208.6 that information in asylum applications be kept confidential, because she failed to exhaust this issue by raising it to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004).

has already requested the BIA to provide standards for interpreting 8 C.F.R. § 1208.20, *see Yuanliang Liu*, 455 F.3d at 115–17, and these guidelines would be very helpful in evaluating the evidence of fabrication in Hasanaj's case, remand for this limited purpose is also appropriate.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, the BIA's order is VACATED, in part, and the case is remanded for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).