**YEE YING LI, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General, Respondent.**

No. 06–3878–ag.

United States Court of Appeals, Second Circuit.

March 21, 2007.

David X. Feng, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Sarah Maloney, Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yee Ying Li, a native and citizen of China, seeks review of a July 21, 2006 order of the BIA affirming the March 7, 2005 decision of Immigration Judge ("IJ") Brigitte LaForest denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Yee Ying Li*, No. A77 921 968 (B.I.A. July 21, 2006), *aff'g* No. A77 921 968 (Immig. Ct. N.Y. City Mar. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Li's testimony was inconsistent with his wife's testimony regarding what occurred the night the family planning officials allegedly took her to be sterilized. The IJ reasonably relied on this inconsistency as it related to a central element of Li's claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). In addition, Li's testimony conflicted with his asylum application regarding the length of time he was detained in China. Although not directly related to events surrounding his wife's sterilization, the IJ reasonably considered this inconsistency in assessing his overall credibility. *See, e.g., Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). This was thus evidence supporting the IJ's credibility finding.

We note that the agency erred in stating that the x-ray report from Fujian Provincial Hospital had been deemed fraudulent after a consular investigation. In fact, the consular report had been created in another case that dealt with a similar document from that hospital. Despite this error, the agency's evaluation of the x-ray report

from Fujian Provincial Hospital was still correct. The consular report clearly indicated that the Fujian Provincial Hospital was not performing x-rays of this nature at the time Li's wife claimed to have had the procedure completed. Moreover, the other consular report did specifically address one of Li's x-ray reports. Accordingly, because these consular reports appear reliable, the agency did not err in relying on the submission of fraudulent documents in making the adverse credibility determination. *See Matter of O–D–,* 21 I. & N. Dec. 1079 (BIA 1998); *Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158 (2d Cir.2006); *see also Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255 (2d Cir.2006).

The IJ reasonably based the adverse credibility determination, in part, on Li's submission of the seemingly fraudulent x-ray report from the Fujian Provincial Hospital. Since the submission of a fraudulent document in support of an asylum claim can undercut an applicant's credibility, *Matter of O–D–,* 21 I. & N. Dec. at 1082, the IJ acted reasonably in considering this in light of the other inconsistencies in Li's testimony. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 123 (2d Cir.2006).

■ Finally, Li argues that the government violated his right to confidentiality under 8 C.F.R. § 208.6 when the consulate officer submitted the alleged x-ray reports to the hospitals for authentication. Although Li did argue before the BIA that the consular reports were unreliable, he did not assert that the government violated his confidentiality rights in conducting its investigation.

We will not entertain an unexhausted issue when a petitioner's failure to exhaust is raised by the government or where gaps in the record hinder this Court's review of the issue. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107, 107 n. 1, 124–25 (2d Cir.2007), *amending* 461 F.3d 101, 104

(2d Cir.2006). Here, we dismiss Li's confidentiality argument because the government opposes the Court's review of the unexhausted issue. In addition, the BIA did not have the opportunity to consider this argument, and thus, the record is insufficient to permit judicial review of this issue.

Since the only evidence of a threat to Li's life or freedom was Li's testimony, which the IJ properly found not to be credible, Li's claim for withholding of removal necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). In addition, because the adverse credibility finding is supported by substantial evidence, the IJ also reasonably denied his family planning CAT claim on those grounds. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

In his brief to the BIA, Li argued only that he was eligible for relief based on his wife's forced sterilization in China; he did not make any arguments regarding his illegal departure claim. Although the BIA mentioned Li's CAT claim in its decision, it is not clear from the decision that the BIA ruled on the illegal departure claim, as opposed to the family planning CAT claim. Accordingly, Li's CAT claim based on his illegal departure from China is unexhausted and we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006); *see also Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 296–97 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED for lack of jurisdiction in part. Having completed our review, the motion for a stay of removal is DISMISSED as moot.