Tonin GJURAJ, Liza Gjuraj, Vilma Gjuraj, Daniela Gjuraj, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–2668–ag.

United States Court of Appeals, Second Circuit.

March 21, 2007.

Michael P. DiRaimondo, Melville, New York, for Petitioners.

Charles T. Miller, United States Attorney, Fred B. Westfall, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Tonin Gjuraj ("Gjuraj"), Liza Gjuraj, Vilma Gjuraj, and Daniela Gjuraj, natives

and citizens of Albania, seek review of a May 23, 2006, order of the BIA, affirming the August 18, 1998, decision of Immigration Judge ("IJ") Patricia A. Rohan denying their claims for asylum and withholding of deportation. *In Re Tonin Gjuraj/Liza Gjuraj/Vilma Gjuraj/Daniela Gjuraj*, Nos. A 73 555 747, A 73 555 748, A 73 555 749, A 73 555 750 (B.I.A. May 23, 2006), *aff'g* Nos. A 73 555 747, A 73 555 748, A 73 555 749, A 73 555 750 (Immig. Ct. N.Y. City Aug. 18, 1998). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004)(per curiam). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003), *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

 As an initial matter, we lack jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel. *See Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006). Moreover, the BIA's affirmance, without opinion, of the IJ's decision does not violate due process. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 160 (2d Cir.2004)(per curiam) (streamlining procedure does not violate due process).

 Gjuraj did not argue before the BIA that the Government violated 8 C.F.R. § 208.6 when it investigated the authenticity of a document which Gjuraj claimed corroborated his testimony. Because the government has raised the affirmative defense that Gjuraj waived this argument by failing to exhaust administrative remedies and because the issues are not central to our view of the merits of Gjuraj's appeal, we decline to address this issue. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 116 (2d Cir. 2006).

 As to changed country conditions, the IJ noted that the evidence in the record indicates that Albania was "mov[ing] closer to the west" under the leadership of the Democratic Party ("DP"), which was taking action against those associated with the former Communist regime. The IJ found a "substantial change" in the dominance of the "Muslim Communist regime," remarking that evidence suggests that "[s]ignificant Orthodox and Roman Catholic minorities are also now able to freely practice their religion whereas they were not able to do so during Albanians [sic] communist period." We have recently held that events that occurred in Albania under the Communist government and during the period of time between the fall of the Communist government and the success of the Democratic Party are "too remote given the substantial change in circumstances" in Albania to constitute past persecution. *Hoxhallari v. Gonzales,* 468 F.3d 179, 186 (2d Cir.2006). Thus, the beatings that Gjuraj suffered cannot give rise to a well-founded fear of persecution, as they occurred while the Communist

Party was in power. In this instance, remand would be futile, because, even though the IJ's reasoning is deficient in certain respects, *see Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (even a " 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground"), we can state with confidence that the IJ would adhere to the same decision upon remand. *See Hoxhallari,* 468 F.3d at 187; *Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). The IJ's finding that country conditions in Albania had changed for Christians, and that the Democratic Party's leadership was moving Albania "closer to the west," was based on the record, and adequately provides support for her finding that Gjuraj did not establish a well-founded fear of future persecution. *See Hoxhallari,* 468 F.3d at 188.

Gjuraj's failure to show the objective likelihood of persecution needed to make out his asylum claim necessarily precludes success on his claim for withholding of deportation, which requires a higher burden of proof. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal is DISMISSED as moot. The pending request for oral argument is DISMISSED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).