**Mair AJRO, also known as Dusko Nolimal, Petitioner,**

**v.**

**Alberto GONZALES, Attorney General, Respondent.**

**No. 06–4783–ag.**

United States Court of Appeals, Second Circuit.

Sept. 5, 2007.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Jessica A. Sherman, Trial Attorney (Peter D. Keisler, Assistant Attorney General, Civil Division; Jeffrey J. Bernstein, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Washington, DC., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Mair Ajro, a citizen of Macedonia and an ethnic Albanian, seeks review of a September 18, 2006 order of the BIA affirming the August 29, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying Ajro's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ajro*, No. A 95 150 071 (B.I.A. Sept. 18, 2006), *aff'g* No. A 95 150 071 (Immig. Ct. Hartford, Aug. 29, 2005). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

■ Substantial evidence supports the agency's conclusion that even if Ajro had suffered past persecution in his native Macedonia: "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(A). For example, as the BIA pointed out:

[T]here have been improved civil rights for ethnic Albanians since the [framework agreement] was signed in 2001, and progress has been made in the investigation of human rights abuses. (Exh. 7; Exh. 8, Tab B); [Bureau of Democracy, Human Rights and Labor, United States Department of State, *Macedonia Country Reports on Human Rights Practices—2004* (Feb.2005), available at http://www.state.gov/g/drl/rls/hrrpt/2004/41695.htm ("*Country Reports*")]; Matt Prodger, *Analysis: Macedonia's Woes*, BBC News, April 15, 2004. Although there was some torture and abuse of Macedonian prisoners by Macedonian police, there is no evidence that the police targeted those individuals based on a protected ground (Exh. 7). *See* INA § 208(b)(1); *Country Reports*. Further, while there is evidence that the police may have beaten two ethnic Albanians who were arrested for engaging in criminal activity, the investigation of that event was still pending at the time of the Country Report's publication (Exh. 7). *Country Reports*.

*In re Ajro*, No. A 95 150 071, at *3 (B.I.A. Sept. 18, 2006); *see also Country Reports* (stating that there were no "political killings" or "politically motivated disappearances, and observing that "[i]n contrast with previous years, arbitrary arrest and prolonged pretrial detention occurred infrequently" and that the Macedonian government "showed progress on investigating allegations of human rights abuses"). Accordingly, a reasonable adjudicator would not be compelled to conclude that

conditions in Macedonia had not changed fundamentally such that Ajro retains a well-founded fear of future persecution.

■ Ajro argues that he faces persecution based on the State Department's inquiries to the Macedonian authorities regarding his conviction certificate. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 267–68 (2d Cir.2006) (holding that a violation of 8 C.F.R. § 208.6 may create a "new risk of persecution [which] may, independent of [petitioner]'s original claim, render him eligible for asylum and/or withholding of removal," although it "does not necessarily require the vacatur of an order of removal"). But, as the government points out, this argument was not made to the BIA; accordingly it is waived. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir.2007); *see, e.g., Yee Ying Li v. U.S. Dep't. of Justice*, 220 Fed.Appx. 33, 35 (2d Cir.2007) (not precedential); *Gjuraj v. Gonzales*, 221 Fed.Appx. 75, 77 (2d Cir.2007) (not precedential); *Hasanaj v. Gonzales*, 193 Fed. Appx. 95, 97 n. 1 (2d Cir.2006) (not precedential).

For the foregoing reasons, the petition for review is DENIED IN PART and DISMISSED IN PART. The pending motion for a stay of deportation is denied as moot.